IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **BLOOMBERG L.P.**<br><br>and<br><br>**DOW JONES & COMPANY, INC.**,<br><br>   Plaintiffs,<br> v.<br><br>**UNITED STATES POSTAL SERVICE**,<br><br>   Defendant. | Civil Action No. _____ |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Bloomberg L.P. ("Bloomberg") and Dow Jones & Company, Inc. ("Dow Jones") (collectively, "Plaintiffs"), by and through undersigned counsel, hereby allege as follows:

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA" or the "Act"), for declaratory, injunctive, and other appropriate relief brought by Bloomberg and Dow Jones.

2. By this action, Plaintiffs seek to compel the United States Postal Service ("USPS") to comply with its obligations under FOIA to release records that Plaintiffs requested from USPS. Plaintiffs are statutorily entitled to disclosure of the requested records, which Defendant has withheld in violation of the Act.

**PARTIES**

3. Plaintiff Bloomberg is the owner and operator of Bloomberg News. Bloomberg's newsroom of more than 2,700 journalists and analysts delivers thousands of stories a day, producing content that is featured across multiple platforms, including digital, TV, radio, print and

1

live events. Bloomberg's publications include Bloomberg CityLab (https://www.bloomberg.com/citylab), which reports on the world's cities and neighborhoods. Bloomberg is a limited partnership; its general partner is Bloomberg Inc., which is privately held. Bloomberg's headquarters are located at 731 Lexington Avenue, New York, NY 10022.

4. Plaintiff Dow Jones is a leading provider of news and business information through *The Wall Street Journal*, *Barron's*, MarketWatch, Dow Jones Newswires and its other publications. *The Wall Street Journal* engages readers across print, digital, mobile, social, podcast and video. Building on its heritage as the preeminent source of global business and financial news, the *Journal* includes coverage of U.S. & world news, politics, arts, culture, lifestyle, sports, and health. Dow Jones is an indirect subsidiary of News Corporation, a publicly held company. Dow Jones's headquarters are located at 1211 Avenue of the Americas, New York, NY 10036.

5. Defendant United States Postal Service is an agency of the federal government within the meaning of 5 U.S.C. § 551 and 5 U.S.C. § 552(f) that has possession, custody, and/or control of the records Plaintiffs seek. USPS's headquarters are located at 475 L'Enfant Plaza, Washington, DC 20590.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action and personal jurisdiction over Defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

7. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## FACTS

### Background

8. When individuals, families, or businesses in the United States move, they can file change-of-address ("COA") requests with USPS.

9. USPS maintains data from COA requests for individuals, families, and businesses (the "COA Data"). USPS's COA Data includes, *inter alia*, an origin county and ZIP code, destination county and ZIP code, and whether a COA request is temporary or permanent.

10. USPS has previously released, in response to FOIA requests from Dow Jones and Bloomberg, COA Data showing how many permanent and temporary COA requests were submitted by individuals, households, and businesses, along with the origin county or ZIP code and destination county or ZIP code, for particular months, so long as the number of COA requests was greater than 10.

11. Using COA Data previously provided by USPS, Dow Jones and Bloomberg have been able to analyze and report on the flow of individuals, families, and businesses between specific geographic areas.

12. For example, COA Data previously provided by USPS to Dow Jones in response to a prior FOIA request shows 36 households filed requests in May, 2020, to permanently change their address from the District of Columbia to Philadelphia County, PA. Likewise, COA Data provided by USPS to Dow Jones in response to a prior FOIA request shows 48 households filed requests in May, 2020, to permanently change their address from Philadelphia County, PA, to the District of Columbia. Combined, the data provided by USPS can be used to show a permanent net flow of +12 household COA requests from Philadelphia County, PA, to the District of Columbia in May, 2020.

13. Bloomberg CityLab has used USPS COA Data obtained through prior FOIA requests for a groundbreaking story showing the movement of Americans during the COVID-19 pandemic. *See* Marie Patino *et al.*, *More Americans Are Leaving Cities, But Don't Call It an Urban Exodus*, BLOOMBERG (Apr. 26, 2021), https://bloom.bg/3M7fu05.

14.     Using USPS COA data provided in response to a prior FOIA request, *The Wall Street Journal* has reported that more than seven million households moved to a different county between the start of the COVID-19 pandemic and May 11, 2021.  *See* Yan Wu & Luis Melgar, *Americans Up and Moved During the Pandemic. Here's Where They Went.*, WALL ST. J. (May 11, 2021), https://on.wsj.com/3NgWCx2.  COA Data allowed the *Journal* to examine how New York County, which covers Manhattan, lost considerable residents to neighboring New Jersey; how the net loss of residents from Washington, DC had doubled from the previous calendar year; and how Californian cities like Los Angeles and San Francisco lost substantial residents for mountain states and the Southwest.  *See id.*

15.     In or about August, 2021, USPS posted a letter regarding the publication of certain COA "stats" in its online FOIA library.  *RE: Change-of-Address Stats on USPS FOIA Website*, USPS (Aug. 4, 2021), https://perma.cc/WT4Y-6DA7.

16.     The COA "stats" provided by USPS on its website (the "COA Stats") are separated into one file per year.  *See FOIA Library*, USPS, https://perma.cc/CZ9R-8LL3 (last accessed May 19, 2022).

17.     The COA Stats do not show how many businesses, individuals, or families moved from specific ZIP codes or counties to other specific ZIP codes or counties.

18.     The COA Stats also do not include data showing how many COA requests were permanent or temporary by individuals, families, or businesses.

19.     For example, the COA Stats published for 2020 show that in May, 2020, ZIP Code 20036 had a total of 219 "from" (i.e., outbound) COA requests, and a total of 112 "to" (i.e., inbound) COA requests.  The COA Stats published for 2020 do not include geographic data showing where the COA requests "from" ZIP Code 20036 went "to," nor do they include

4

geographic data showing where the COA requests "to" ZIP Code 20036 came "from," nor do they identify how many individual, family, or business COA requests were permanent or temporary.

### Plaintiffs' FOIA Requests

#### The Dow Jones Request

20. On September 15, 2021, Dow Jones, through its *Wall Street Journal* reporter Paul Overberg, submitted a FOIA request to USPS via FOIA portal (the "Dow Jones Request"). A true and correct copy of the Dow Jones Request is attached hereto as **Exhibit A**[1] and is incorporated by reference herein.

21. The Dow Jones Request sought records of COA requests submitted between January and June 2021, including origin and destination data. *See* Ex. A.

22. Specifically, the Dow Jones Request sought "monthly summary data showing the number of residential postal customers who filed change-of-address requests" containing columns for year and month, "Old County," "Old State," "New County," "New State," "Total Perm," and "Total Temp" for January to June, 2021. *Id*.

23. The Dow Jones Request asked that the responsive records be produced in Excel format.

24. The Dow Jones Request identified its publication *The Wall Street Journal* and its reporter Mr. Overberg as representatives of the news media for fee category purposes per 5 U.S.C § 552(a)(4)(A)(ii)(II). *See* Ex. A.

25. By letter dated September 17, 2021, USPS denied the Dow Jones Request. A true and correct copy of USPS's denial letter is attached hereto as **Exhibit B** (the "September 17

---

[1] The full text of Plaintiff Dow Jones's request is cut off due to technical limitations in the USPS FOIA portal.

Denial"). USPS's denial of the Dow Jones Request noted that the Dow Jones Request had been assigned tracking number 2021-FPRO-03224.

26. In the September 17 Denial, USPS cited FOIA Exemption 3, 5 U.S.C. § 552(b)(3), in conjunction with 39 U.S.C. §410(c)(2). *See* Ex. B.

27. In the September 17 Denial, USPS provided a link to the COA Stats in its online FOIA Library. *See id*.

28. The COA Stats in the USPS's online FOIA Library do not satisfy the Dow Jones Request.

29. On November 24, 2021, Dow Jones administratively appealed USPS's denial of the Dow Jones Request. A true and correct copy of Dow Jones's administrative appeal is attached hereto as **Exhibit C** (the "Dow Jones Administrative Appeal") and is incorporated by reference herein.

30. The Dow Jones Administrative Appeal noted that USPS had previously granted FOIA requests for the same COA data sought by the Dow Jones Request for other time periods, *see* Ex. C, and argued that USPS's invocation of 39 U.S.C. §410(c)(2) to withhold the requested data was improper, *see id.*

31. On or about December 9, 2021, USPS's Office of the General Counsel denied the Dow Jones Administrative Appeal, which it had assigned tracking number 2022-APP-00041. A true and correct copy of USPS's "Opinion and Order" pertaining to the Dow Jones Administrative Appeal is attached hereto as **Exhibit D**.

<u>The Bloomberg Request</u>

32. On March 30, 2021, Bloomberg, through its Bloomberg CityLab reporter, Marie Patino, submitted a FOIA request to USPS via FOIA portal (the "Bloomberg Request"). A true

and correct copy of the Bloomberg Request is attached hereto as **Exhibit E**[2] and is incorporated by reference herein.

33. The Bloomberg Request sought change of address data, per ZIP code, for the month of December 2020, including origin/destination information. *See* Exs. E, F.

34. The Bloomberg Request identified Bloomberg and its Bloomberg CityLab reporter, Ms. Patino, as representatives of the news media for fee category purposes per 5 U.S.C § 552(a)(4)(A)(ii)(II). *See* Ex. E.

35. On March 30, 2021, USPS acknowledged receipt of the Bloomberg Request, assigning it tracking number 2021-FPRO-01469.

36. By letter dated April 19, 2021, USPS denied the Bloomberg Request. A true and correct copy of USPS's denial letter is attached hereto as **Exhibit F** (the "April 19 Denial").

37. In the April 19 Denial, USPS cited FOIA Exemption 3, 5 U.S.C. § 552(b)(3), in conjunction with 39 U.S.C. §410(c)(2). *See* Ex. F.

38. On June 29, 2021, Bloomberg administratively appealed USPS's denial of the Bloomberg Request. A true and correct copy of Bloomberg's administrative appeal, excluding attachments A–B, is attached hereto as **Exhibit G** (the "Bloomberg Administrative Appeal") and is incorporated by reference herein.

39. The Bloomberg Administrative Appeal noted that USPS had previously granted requests for the same COA data sought by the Bloomberg Request for other time periods, *see* Ex. G, and argued that USPS's invocation of 39 U.S.C. §410(c)(2) to withhold the requested data was improper, *see id.*

---

[2] The full text of Plaintiff Bloomberg's request is cut off due to technical limitations in the USPS FOIA portal.

40. By letter dated July 29, 2021, USPS's Office of the General Counsel denied the Bloomberg Administrative Appeal, which it had assigned tracking number 2021-APP-00141. A true and correct copy of USPS's denial of the Bloomberg Administrative Appeal is attached hereto as **Exhibit H**.

**Current Status of the Dow Jones and Bloomberg Requests**

41. As of the filing of this Complaint, Plaintiffs have received no further communication from USPS with respect to either the Dow Jones Request or the Bloomberg Request.

42. As of the filing of this Complaint, USPS has not provided all the records requested by Dow Jones and Bloomberg.

## CAUSE OF ACTION

### COUNT I
### VIOLATION OF FOIA FOR UNLAWFUL
### WITHHOLDING OF AGENCY RECORDS

43. Plaintiffs repeat, reallege, and incorporate the allegations set forth in the foregoing Paragraphs 1 through 42 as though fully set forth herein.

44. Defendant is an agency subject to FOIA. 5 U.S.C. §§ 552(f), 551.

45. The Dow Jones Request and Bloomberg Request properly seek records within the possession, custody, and/or control of Defendant under FOIA.

46. The Dow Jones Request and Bloomberg Request complied with all applicable regulations regarding the submission of FOIA requests.

47. Defendant has not released all records or portions thereof that are responsive to the Dow Jones Request or the Bloomberg Request.

48. The records sought by the Dow Jones Request and Bloomberg Request are not "information of a commercial nature," as set forth in 39 U.S.C. § 410(c)(2).

49. Defendant has not identified whether or how release of the records sought by the Dow Jones Request and Bloomberg Request would foreseeably harm an interest protected by a FOIA exemption and/or why disclosure is prohibited by law. 5 U.S.C. § 552(a)(8).

50. Defendant has improperly withheld records responsive to the Dow Jones Request and Bloomberg Request in violation of FOIA. 5 U.S.C. § 552(a)(3)(A).

51. Plaintiffs have and/or are deemed to have exhausted applicable administrative remedies with respect to the Dow Jones Request and Bloomberg Request. 5 U.S.C. §§ 552(a)(6)(A)(ii); *id*. § 552(a)(6)(C)(i).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request this Court:

(1) Order Defendant to conduct a search reasonably calculated to identify all records responsive to the Dow Jones Request and Bloomberg Request;

(2) Order Defendant to immediately disclose, in their entirety, all records responsive to the Dow Jones Request and Bloomberg Request;

(3) Issue a declaration that Plaintiffs are entitled to disclosure of the requested records;

(4) Enjoin Defendant from continuing to withhold any and all records responsive to the Dow Jones Request and Bloomberg Request;

(5) Award Plaintiffs reasonable attorney's fees and costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

(6) Grant such other relief as the Court may deem just and proper.

Dated: July 18, 2022

Respectfully submitted,

/s/ *Katie Townsend*
Katie Townsend

NY Bar No. 5480199
Email: ktownsend@rcfp.org
REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, DC 20005
Phone: 202.795.9303
Facsimile: 202.795.9310

*Counsel for Plaintiffs*