# EXHIBIT C

**DOW JONES**

Jacob P. Goldstein
Vice President, Associate General Counsel
1211 Avenue of the Americas
New York, NY 10036
212.416.2162
jacob.goldstein@dowjones.com

November 24, 2021

<u>VIA E-MAIL</u>

Thomas J. Marshall
General Counsel
U.S. Postal Service
475 L'Enfant Plaza SW
Washington, DC 20260
<u>FOIAAppeal@usps.gov</u>

    Re:    <u>Freedom of Information Act Appeal
FOIA Request 2021-FPRO-03224</u>

Dear Mr. Marshall:

    I write on behalf of Paul Overberg and *The Wall Street Journal* (jointly, the "Journal").  Pursuant to 5 U.S.C. § 552(a)(6)(A) and 39 C.F.R. § 265.8, by this letter, we hereby appeal the denial of the Journal's September 15, 2021, request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

## BACKGROUND

    On September 15, 2021, the Journal submitted to the U.S. Postal Service a FOIA request for certain records. Specifically, the Journal requested "monthly summary data showing the number of residential postal customers who filed change-of-address requests" for January-June 2021 in an Excel format with "separate tallies for temporary and permanent requests" and data for the following columns:

        YYYYMM
        Old County
        Old State
        New County
        New State
        Total Perm
        Total Temp

(the "Request"). The Request noted that the Postal Service had recently granted requests for the same change-of-address ("COA") data for other time periods, citing

Appeal re: FOIA Request 2021-FPRO-03224
November 24, 2021
Page 2 of 5

FOIA requests No. 2021-FPRO-00980 and No. 2021-FPRO-01334. Copies of the Postal Service's letters granting those FOIA requests in February and March 2021 are enclosed for your reference.

On September 17, 2021, the Postal Service denied the Request (the "Denial"). The Denial stated that the Postal Service is making some of the data available to the general public because such COA records are "highly sought data," citing 5 U.S.C. § 552(a)(2)(D).

Recognizing that this alternative data source would not fully satisfy the Journal's Request because it does not include "origin/destination data,"[1] the Denial went on to say that "this portion of the records you seek are now exempt from disclosure under FOIA Exemption 3, 39 U.S.C. § 410(c)(2)" (emphasis added). The Denial stated:

> [T]he records you requested qualify as "information of a commercial nature" under Section 410(c)(2) because it is related to COA counts by origin and destination which is information that is now, at the moment, currently under development for a commercial product. Requests for COA data that seek the originating and destination location, at any level, is no longer releasable under the FOIA. Accordingly, this information is exempt from disclosure under Exemption 3 of the FOIA and Section 410(c)(2) (emphases added).

By this letter, the Journal hereby appeals the Denial. (A copy of the Denial is also enclosed for reference.)

## ARGUMENT

The Denial is contrary to law and should be swiftly reversed with the prompt provision of the records requested in full.

"FOIA's purpose is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed. FOIA favors disclosure and any member of the public is entitled to have access to any record maintained by a federal agency, unless that record is exempt from disclosure under one of the Act's nine exemptions. . . . [A]ll statutory exemptions must be construed narrowly." N.Y. Times Co. and Dow Jones v.

---

[1] The COA data proactively disclosed by the Postal Service on its FOIA website also fail to satisfy the Request because they do not separate residential from business COAs by type of change (permanent vs temporary).



www.dowjones.com   1211 Avenue of the Americas
jacob.goldstein@dowjones.com   New York, NY 10036

Dep't of Health & Hum. Servs., 513 F. Supp. 3d 337, 345 (S.D.N.Y.), aff'd 15 F.4th 216 (2d Cir. 2021) (citations and quotation marks omitted).

The Postal Service's invocation of Section 410(c)(2) to withhold the requested origin/destination data defies law and logic. This provision exempts from disclosure "information of a commercial nature, including trade secrets, whether or not obtained from a person outside the Postal Service, which under good business practice would not be publicly disclosed." The exemption is narrowly construed. See Carlson v. U.S. Postal Serv., 504 F.3d 1123, 1129 (9th Cir. 2007).

The requested records do not qualify as "information of a commercial nature" even under a broad interpretation of that phrase. And even if they did, the Postal Service hasn't established that such information would not be disclosed under "good business practice."

The statute requires "that the information be of 'a commercial nature' in the first instance." Carlson, 504 F.3d at 1129 (emphasis added). Accordingly, in Carlson, the Court of Appeals for the Ninth Circuit rejected the Postal Service's arguments that records of "the names, addresses, telephone numbers, regular business hours, and final collection times for outgoing mail for every United States post office" were exempt even though the Postal Service claimed the information "has commercial value and attracts customers to the Post Office website." Id. at 1125, 1127. Here, too, even if the Postal Service could establish that COA records with origin/destination data might attract customers willing to pay for such information, this would not satisfy the statutory exemption for "information of commercial nature."

The Postal Service has not identified any of the regulatory factors leading it to conclude the requested data is "information of a commercial nature." None of them supports that conclusion, as is demonstrated by the fact that the requested data is unlike any of the examples of commercial information listed in 39 C.F.R. § 265.14(b)(3)(ii).

A record related "primarily to the Postal Service's governmental functions or its activities as a provider of basic public services," id. § 265.14(b)(3)(i)(F), "is subject to public inspection." CREW v. U.S. Postal Serv., 2021 WL 3662843, at *4 (D.D.C. Aug. 17, 2021). By contrast, cases upholding the Postal Service's withholding of information under § 410(c)(2) "have concerned proprietary information." Carlson, 504 F.3d at 1129 (collecting cases regarding "quantity and pricing information in contract", "figures and data in a contract", "clients, mailing agents, and charges", "pricing and rates " in "delivery agreements"); see also CREW, 2021 WL 3662843, at *4 (citing cases regarding "business information relating to employee compensation and decisions to 'improve customer service, generate revenue, manage costs, and enhance a



www.dowjones.com   1211 Avenue of the Americas
jacob.goldstein@dowjones.com   New York, NY 10036

performance-based culture,'" and "the specifics of USPS's contract with another shipping logistics company").

The COA data requested by the Journal, including origin/destination data, is not proprietary information but rather is more akin to the records at issue in Carlson. As noted, the Postal Service has previously, repeatedly released COA records, including origin/destination data, in response to FOIA requests. In addition, the Postal Service recognizes that COA data is a record subject to FOIA that has been or is likely to become the subject of repeated requests, triggering its obligation to disclose the data proactively via its FOIA Library website. The Postal Service's August 4, 2021, letter regarding the availability of this data on its FOIA website acknowledges "an increased interest in COA data during the COVID-19 pandemic." [USPS Aug. 4, 2021, COA Stats on USPS FOIA Website](#).

Indeed, there is substantial, legitimate public interest in the COA data, as demonstrated by articles in the Journal and other newspapers analyzing the records that the Postal Service had until recently disclosed under FOIA. See, e.g., [How the Pandemic Did, and Didn't, Change Where Americans Move](#) (N.Y. Times Apr. 19, 2021); [More Americans Are Leaving Cities, But Don't Call It an Urban Exodus](#) (Bloomberg Apr. 26, 2021); [Only one US city saw a bigger pandemic exodus than San Francisco](#) (S.F. Chronicle June 22, 2021); [The Pandemic Changed Where Americans Live](#) (WSJ Apr. 27, 2021); [Americans Up and Moved During the Pandemic. Here's Where They Went.](#) (WSJ May 11, 2021); [Full-Time Residents Flock to Jersey Shore](#) (WSJ May 29, 2021); and [New Life and Work Choices Revitalize Exurbs, Bringing New Strains](#) (WSJ Aug. 29, 2021); [Californians Flee the Coast to Inland Cities in a Mass Pandemic-Era Exodus](#) (WSJ Nov. 21, 2021). And such reporting is only possible with the disclosure of COA records with origin/destination data.

The Postal Service's Denial offers no explanation for how the inclusion of origin/destination data magically transforms COA records from data that remain the subject of ongoing, proactive disclosure pursuant to its obligations under FOIA Section 552(a)(2)(D) into "information of a commercial nature" that is exempt from disclosure.

The only hint of a rationale is the Denial's oddly phrased explanation that the Postal Service "now, at the moment, currently" has "under development" a "commercial product." But a plan to develop in the future a commercial product based on information that has historically been disclosed to the public under FOIA cannot transform such records into information that is exempt from disclosure under Section 410(c)(2). If the Denial's logic prevailed, the Postal Service would be able simply to announce the contemplation of a prospect of turning records into items for sale and thereby unilaterally evade its obligations under FOIA, all while charging prices for "commercial products" that have been and should be disclosed to the public pursuant



www.dowjones.com   1211 Avenue of the Americas
jacob.goldstein@dowjones.com   New York, NY 10036

to FOIA's fee regime. Neither the <u>Carlson</u> court nor the <u>CREW</u> court would countenance this result; and neither should you.

To be sure, under FOIA, agencies may decline to make certain categories of records available for public inspection and copying if such "materials are promptly published and copies offered for sale." 5 U.S.C. § 552(a)(2). But the Denial's speculative, vague suggestion of a future ability to purchase detailed COA data does not satisfy FOIA's requirements.

## CONCLUSION

For the foregoing reasons, the Journal respectfully submits that the Denial must be vacated, the Request must be processed promptly under FOIA, and the Journal must be provided access to the data files as requested, in the manner set forth in the FOIA Request, with all fees waived.

Because of the importance of the information the Journal seeks and the urgency of the newsgathering process, we would appreciate your prompt consideration and look forward to receiving your response by email as quickly as possible, and certainly within 20 days, as the law requires. Please call me with any questions you may have regarding the above. Thank you for your attention in this matter.

Respectfully submitted,

Jacob P. Goldstein

cc:     Paul Overberg



ADDRESSING & GEOSPATIAL TECHNOLOGY
NATIONAL CUSTOMER SUPPORT CENTER


UNITED STATES POSTAL SERVICE

February 12, 2021

Mr. Paul Overberg
Wall Street Journal
1025 Connecticut Avenue Northwest Suite 800
Washington, DC 20036-5419
VIA Email:  paul.overberg@wsj.com

RE:  FOIA Case No. 2021-FPRO-00980

Dear Mr. Overberg:

Your Freedom of Information Act (FOIA) requests for information from the United States Postal Service® has been forwarded to my office for response. Your request sought the following:

- Monthly data showing the number of residential Postal customers who file a change-of-address (COA) request forms between 2018 and 2020, aggregated at the county level.

Information is maintained in the United States Postal Service change-of-address system for a maximum of four (4) years from the date a customer indicates on their change-of-address order to begin mail forwarding.  After the four-year retention period, the change-of-address information is permanently deleted from the change-of-address system and no longer available for inquiry.

The United States Postal Service has a longstanding practice of limiting the data reported for customer change-of-address orders. During Hurricane Katrina, a policy was established that prohibits disclosure of change-of-address volume where the count is less than ten. The purpose of this policy was to minimize the ability of a recipient of the data to identify where any specific individual or individuals may have moved from or to, which would be a violation of our responsibility to safeguard the privacy of the information about customers submitting change-of-address orders.

Attached is the information you have requested. The report reflects the total change-of-address requests from for 2018 through 2020, aggregated at the county level. The report does not reflect any count that is less than ten.

The United States Postal Service has fully satisfied your request. For further assistance and to discuss any aspect of your request, you may contact any of the following:

225 N HUMPHREYS BLVD STE 501
MEMPHIS TN  38188-1001
800-331-5746
FAX 901-767-8853

Michelle Evans
Addressing & Geospatial Technology
United States Postal Service
225 North Humphreys Boulevard Suite 501
Memphis, TN 38188-1001
Phone: 901-681-4474

Privacy & Records Office
United States Postal Service
475 L'Enfant Plaza Southwest Room 1P830
Washington, DC 20260-1101
Phone:  202-268-2608
Fax:  202-268-5353
FOIA Public Liaison:  Nancy Chavannes-Battle

Sincerely,

*(signature: Kim Wilson)*

James D. Wilson
Director, Addressing and Geospatial Technology

Attachment

cc:  Records Office

ADDRESSING & GEOSPATIAL TECHNOLOGY
NATIONAL CUSTOMER SUPPORT CENTER



March 17, 2021

Mr. Paul Overberg
Wall Street Journal
1025 Connecticut Avenue Northwest Suite 800
Washington, DC 20036-5419
VIA Email:  paul.overberg@wsj.com

RE:  FOIA Case No. 2021-FPRO-01334

Dear Mr. Overberg:

Your Freedom of Information Act (FOIA) requests for information from the United States Postal Service® has been forwarded to my office for response. Your request sought the following:

> Monthly change-of-address (COA) data for residential customers in 2017, aggregated by county. Data to include both origin and destination counties and states, as well as permanent and temporary.

Information is maintained in the United States Postal Service change-of-address system for a maximum of four (4) years from the date a customer indicates on their change-of-address order to begin mail forwarding.  After the four-year retention period, the change-of-address information is permanently deleted from the change-of-address system and no longer available for inquiry.

The United States Postal Service has a longstanding practice of limiting the data reported for customer change-of-address orders. During Hurricane Katrina, a policy was established that prohibits disclosure of change-of-address volume where the count is less than ten. The purpose of this policy was to minimize the ability of a recipient of the data to identify where any specific individual or individuals may have moved from or to, which would be a violation of our responsibility to safeguard the privacy of the information about customers submitting change-of-address orders.

Attached is the information you have requested. The report reflects residential change-of-address date between March 2017 and December 2017, aggregated by county. The report does not reflect any count that is less than ten.

The United States Postal Service has fully satisfied your request. For further assistance and to discuss any aspect of your request, you may contact any of the following:

225 N HUMPHREYS BLVD STE 501
MEMPHIS TN  38188-1001
800-331-5746
FAX 901-767-8853

Michelle Evans
Addressing & Geospatial Technology
United States Postal Service
225 North Humphreys Boulevard Suite 501
Memphis, TN 38188-1001
Phone: 901-681-4474

Privacy & Records Office
United States Postal Service
475 L'Enfant Plaza Southwest Room 1P830
Washington, DC 20260-1101
Phone:  202-268-2608
Fax:  202-268-5353
FOIA Public Liaison:  Nancy Chavannes-Battle

Sincerely,

*[signature: Kim Wilson]*

James D. Wilson
Director, Addressing and Geospatial Technology

Attachment

cc:  Records Office