# EXHIBIT G



21st Floor
1251 Avenue of the Americas
New York, NY  10020-1104

**Jeremy Chase**
212-489-8230 tel
212-489-8340 fax

jeremychase@dwt.com

June 29, 2021

**VIA ELECTRONIC MAIL: FOIAAppeal@usps.gov**

General Counsel, U.S. Postal Service
475 L'Enfant Plaza SW
Washington, DC 20260

Re:     **FREEDOM OF INFORMATION ACT APPEAL – FOIA Request 2021-FPRO-01469**

To Whom It May Concern:

We represent Bloomberg L.P. and its reporter Marie Patino (collectively, "Bloomberg" or "Requestors").  Pursuant to the Freedom of Information Act, 5 U.S.C. § 552, *et seq.* ("FOIA"), Bloomberg hereby submits this appeal of the determination of the United States Postal Service ("USPS") on the above-referenced FOIA request (the "Request").  As set forth in full detail below, the exemption cited by USPS in its response to the Request is completely irreconcilable with the facts underlying the materials sought by Bloomberg.

## FACTUAL BACKGROUND

Bloomberg, through its reporter, Ms. Patino, submitted a FOIA request to USPS on March 30, 2021 seeking "[c]hange-of-address (COA) data of December 2020, aggregated by ZIP Code. Data to include origin/destination information" ("the Records").  *See* Attachment A.

Requestors sought this data for an ongoing series of articles tracking migration patterns in the United States and analyzing the pandemic's potential impact on migration trends relating to the population in-flow and out-flow of major metropolitan areas.[1]  Accurate and timely reporting of the requested data can significantly affect public policies responding to these population changes.  As an earlier article in the series notes, "These trends matter to cities as they reckon with

---

[1] *See, e.g.*, Marie Patano, Aaron Kessler, and Sarah Holder, *More Americans Are Leaving Cities, But Don't Call It an Urban Exodus*, Bloomberg CityLab (Apr. 26, 2021), https://www.bloomberg.com/graphics/2021-citylab-how-americans-moved/?sref=Y5NzbMHF.

**DWT.COM**

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.

General Counsel, U.S. Postal Service
June 29, 2021
Page 2

the pandemic's economic fallout. Migration patterns can affect housing prices, tax revenue, job opportunities and cultural vibrancy."[2]

On April 19, 2021, USPS issued a final determination on the Request, stating that it was withholding responsive records based on FOIA Exemption 3, 5 U.S.C. § 552(b)(3) ("Exemption 3"), which permits an agency to withhold information that is "specifically exempted from disclosure by statute." *See* Attachment B. The statute invoked in the Appeal Denial letter was Section 410(c)(2) of the Postal Reorganization Act, which permits USPS to withhold "information of a commercial nature, including trade secrets, whether or not obtained from a person outside the Postal Service, which under good business practice would not be publicly disclosed." *Id.* (citing U.S.C. § 410(c)(2)). The Appeal Denial stated that the requested records "qualif[y] as 'information of a commercial nature' under Section 410(c)(2) because the information is related to change-of-address counts which provides information that is under development for a commercial product. Accordingly, this information is exempt from disclosure under Exemption 3 of the FOIA and Section 410(c)(2)." *Id.* Simultaneously, the Appeal Denial letter disclosed that USPS did maintain "change-of-address data for the last four years on our FOIA website. . . ." *Id.* However, the change-of-address data on the USPS' FOIA website does not detail moves between ZIP codes as sought by the FOIA request. Nor does the data on USPS' FOIA website provide information about moves between counties or count less than ten moves to or from a ZIP code, meaning that thousands of moves are not reflected in USPS' online data.

Although USPS now invokes Exemption 3 and Section 410(c)(2), the withheld records are virtually identical to the records that Requestors had sought and received from USPS earlier this year. On December 30, 2020, for instance, Bloomberg filed a request seeking "Change-of-address (COA) requests filed between January 2019 and December 2020. Information should be aggregated at ZIP Code level, preferably on a weekly basis and include type of move, temporary or permanent." *See* Attachment C. On January 5, 2021, USPS provided the requested information in the form of a report reflecting "the total change-of-address requests filed between January 1, 2019 and November 30, 2020. The information includes origin and destination ZIP Codes, move types and is broken down by month and year." *See* Attachment D. At no point did USPS invoke any exemption in its response to this request. And on February 2, 2021 Bloomberg filed a similar request seeking "National Change of Address (NCOA) data, aggregated at the county level, filed between January 2019 and December 2020. Information to include temporary and permanent moves." *See* Attachment E. Once again, on February 11, 2021, USPS provided this information,

---

[2] *Id.*

General Counsel, U.S. Postal Service
June 29, 2021
Page 3

without reference to any exemptions, in the form of a report that "reflects the total change-of-address requests filed between January 1, 2019 and December 30, 2020 at the county level." *See* Attachment F.

This administrative appeal follows.

**ANALYSIS**

The U.S. Supreme Court has established that the "basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152 (1989). In keeping with this fundamental goal, FOIA exemptions should be construed as narrowly as possible. *See, e.g., Department of the Air Force v. Rose*, 425 U.S. 361 (1976) (finding that FOIA's exemptions "do not obscure the basic policy that disclosure, not secrecy, is the dominant objective of the Act."). USPS' improper and overbroad invocation of Exemption 3 cuts against these bedrock principles.

**A. FOIA Exemption 3 Is Inapplicable to These Records.**

Exemption 3 permits an agency to withhold information specifically exempted from disclosure by statute, "if that statute requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue; or establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 552(b)(3). Exemption 3 affords agencies "only limited discretion" and authorizes withholding "only a narrowly drawn class of materials from disclosure." *Lessner v. U.S. Dep't of Com.*, 827 F.2d 1333, 1337 (9th Cir. 1987). USPS has invoked Section 410(c)(2) of the Postal Reorganization Act as such a statute. Section 410(c)(2) prohibits disclosure of "information of a commercial nature, including trade secrets . . . which under good practice would not be publically disclosed." 39 U.S.C. § 410(c)(2). The information Requestors seek—change of address data from December 2020—is plainly not the kind of "information of a commercial nature" contemplated by the statute. 39 U.S.C. § 410(c)(2).

Put simply, the information is not "commercial" within the meaning of Section 410(c)(2) at all. USPS asserts that the information is "commercial" because it "is related to change-of-address counts which provides information that is under development for a commercial product."

General Counsel, U.S. Postal Service
June 29, 2021
Page 4

*See* Attachment B.  But the definition of "commercial" implicit in USPS' explanation is too broad and too attenuated to be proper under Exemption 3 and Section 410(c)(2).

*Carlson v. U.S. Postal Serv.* is instructive on this point.  There, USPS attempted to withhold records revealing information about Post Office locations and hours under Section 410(c)(2) and Exemption 3, because "its Post Office locator database has commercial value and attracts customers to the Post Office website for marketing and advertising."  *Id.* at 1127.  But the Ninth Circuit disagreed, finding that the common definition of "commercial", *i.e.*, information that "relates to commerce, trade, or profit" undermined USPS' claim.  *Id.* at 1127; 1128-29 (quoting *Wilderness Soc'y v. U.S. Fish & Wildlife Serv.,* 353 F.3d 1051, 1061 (9th Cir. 2003) (*en banc*)).  The Ninth Circuit determined that while mail service was "essential to commerce and trade" information about the "the names, addresses, telephone numbers, and regular business hours of post offices" was not commercial information, despite USPS' assertion that the information was commercial because it had "value."  *Id.* at 1129.  The Ninth Circuit deemed this explanation to rely on a "too broad definition of commercial", particularly in light of the fact that the class of nondisclosable matters under Exemption 3 is "narrow."  *Id.* (citing *Lessner,* 827 F.2d at 1336).

As in *Carlson*, where USPS contended that the requested information drove traffic to its website, the fact that USPS is potentially developing a product to attract customers that uses change of address information (which, in and of itself does not "relate to commerce, trade, or profit"), does not render that information "commercial" under Exemption 3.  Put differently, it is not *how* information is used or has the potential to be used, but the *type* of information at issue, that makes it commercial under Section 410(c)(2).  Moreover, the fact that USPS has disclosed this precise type of information to Requestors in the past only underscores that it is not "commercial" information now, simply because USPS has found a way to extract "value" from it.

To that end, cases where USPS has successfully invoked Section 410(c)(2) to withhold "commercial" documents underscore that the underlying information itself must be commercial and proprietary for Section 410(c)(2) to apply.  As the *Carlson* court observed, "[t]he majority of cases which have upheld USPS's withholding of information under § 410(c)(2) have concerned proprietary information," *Carlson v. U.S. Postal Serv.*, 504 F.3d 1123, 1129 (9th Cir. 2007).  Proprietary information means information like spreadsheets detailing quantity and pricing information in contract between USPS and private contractor, USPS mailing permits for a private firm detailing the private firm's clients, mailing agents, and charges by USPS, and information in delivery agreements including pricing and rates, operational details and specifications, performance requirements and obligations, between USPS and Federal Express. *Id.* (internal

General Counsel, U.S. Postal Service
June 29, 2021
Page 5

quotations omitted). *See also*, *e.g.*, *Am. Postal Workers Union, AFL-CIO v. U.S. Postal Serv.,* 742 F. Supp. 2d 76, 81 (D.D.C. 2010) (information containing "the agency's decisions regarding bonuses and salary increases for its employees, [which] are based on individual, unit and corporate performance indicators devised by the Postal Service" were properly considered commercial information and exempt pursuant to Exemption 3 and 39 U.S.C. § 410(c)(2)); *Braun v. United States Postal Serv.*, 317 F. Supp. 3d 540, 548–49 (D.D.C. 2018) (allowing redactions of unique identifiers assigned to authorized users of Postal Service information resources and a URL web address to an internal USPS information resource under Exemption 3 and § 410(c)(2)).

In each of these cases, information falls under the definition of "commercial" relied on by the Ninth Circuit in *Carlson* because it relates directly to "commerce, trade, or profit." By contrast, the requested change of address information does not reveal anything about the business of USPS – about its dealings with other corporations, details about its contracts and operations, payments it remits to employees, performance metrics, or access to internal USPS resources. Nor has USPS claimed that it does. Rather, USPS has deemed this information "commercial" only because it intends to use it in a future tool – not because it reflects anything about the commercial or financial workings of the agency.

Additionally, in the cases that found that Exemption 3 and 39 U.S.C. § 410(c)(2) applied to requested USPS records, courts relied on the fact that USPS or private firms would not typically disclose the particular type of information at issue. *See*, *e.g.*, *Am. Postal Workers Union, AFL-CIO*, 742 F. Supp. 2d, at 82 ("private sector delivery firms would not disclose this information"); *Airline Pilots Ass'n, Int'l*, 2004 WL 5050900, at *1 ("reasonable to credit the claim that any large company would not publicly disclose the details of such an agreement"); *Braun*, 317 F. Supp. 3d at 549 (finding that withheld information was the kind of information that USPS would not "normally disclose"). But USPS cannot advance this argument, because it has *previously disclosed this kind of information* to Requestors. *See* Attachments D and F. As such Exemption 3 and Section 410(c)(2) cannot be used to withhold records responsive to this Request.

## CONCLUSION

For the foregoing reasons, Bloomberg respectfully submits that USPS' refusal to release records responsive to the Request is contrary to the law and that USPS should be compelled to produce the requested records promptly. Because of the importance of the information requested and the urgency of Bloomberg receiving this information to avoid the compromise of a significant

General Counsel, U.S. Postal Service
June 29, 2021
Page 6


and recognized public interest, we would appreciate your prompt consideration and look forward to receiving your response in no later than 10 calendar days pursuant to 43 C.F.R. § 2.20(h).

      If you have any questions regarding the above, please call or email me. Thank you for your attention to this matter.


Very truly yours,

Davis Wright Tremaine LLP

*/s/ Jeremy Chase*

Jeremy Chase


Encls.

# Attachment C

**Request - 70**    **2021-FPRO-006**    ✉ **Inbox (0)**    ✈ **Compose Message**    🔔 **Sent Messages**    **Withdraw Request**

← **Back (RequestStatus.aspx)**

---

### Requester Details

To modify request details please update your requester profile or contact the our office for assistance.

**Ms. Marie P Patino**
Journalist
Bloomberg LP
1101 New York Avenue NW
Floor 9A - Bloomberg LP
Washington, D.C., DC  20005
Phone 202-807-2344
mpatino14@bloomberg.net

Requester Default Category: News Media

---

### Request Details

Date Requested      12/30/2020

Status      Closed

---

### General Information

Requester Service Center      [ HQ Records Office ▾ ]

Action Office Instructions      for Postal Service Headquarters controlled records including contracts, building leases, and other real estate transactions or employee listings

**Requester Category Descriptions**

- **Commercial Organization**:  A requester who asks for information for a use or purpose that furthers a commercial, trade, or profit interest, which can include furthering those interests through litigation.
- **Educational or Scientific**:  A requester who asks for information under the auspices of an educational institution for the purpose of furthering scholarly research or a requester that asks for information for an institution that is not operated on a commercial basis, but solely for the purpose of conducting scientific research the results of which are not intended to promoted any particular product or industry.
- **News media:**  A requester that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience.  "News" means information that is about current events or that would be of current interest to the public.
- **All others:**  You are a requester who does not fall within any of the preceding categories.



| | |
|---|---|
| Requester Category | News Media |
| Send Response Via | E-mail |
| Payment Mode | --------------Select--- |



**Shipping Address**

| | | | |
|---|---|---|---|
| Address | 1101 New York Ave | Apartment/Suite Number | Floor 9A - Bloombe |
| City | Washington, D.C. | State | District of Columbia |
| Country | United States | Zip Code | 20005 |

**Request Information**

**Requesting Records About Another Person** - you may receive greater access by including the record subject's written consent and verification of identify, or in the case the subject is deceased, evidence of proof of their death. A death certificate, a newspaper obituary, or comparable proof of death can be used to meet this requirement.  Otherwise, records relating to another person and disclosure of the records could invade that person's privacy ordinarily will not be disclosed to you. You may add the authorization and verification of identity in the **Privacy Waiver and Authorization** attachment option below.  To download an authorization form click here (http://about.usps.com/who-we-are/foia/privacy-waiver_07-25-2017.pdf).

**Requesting Records About Yourself** - you must verify your identity and provide a signed request.  Appropriate identification may include such information as your mailing address, employee identification number, or other personal identifier.  You may also provide one of the following 1) a signed request that includes your identifying information and witnessed by a notary, or 2) a certification of identity statement immediately above the signature on your request letter: "I declare under penalty of perjury that the foregoing is true and correct. Executed on [date]."  You may add your written, signed request and verification of identity in the **Proof of Identity** option below.  To download a proof of identify form click here (http://about.usps.com/who-we-are/foia/identity-certification_07-25-2017.pdf).

| Description of Request | Hello,<br><br>I would like to request change of addresses (COA) data. For the whole country, between |
| --- | --- |

You may attach a pdf version of your written request in the **Description Document** attachment option below however you will be required to enter a brief description of the records requested.

| Date Range for Record Search: From(mm/dd/yyyy) | 01/01/2019 | To (mm/dd/yyyy) | 12/30/2020 |
| --- | --- | --- | --- |

| Description Document | 🔗 Add Attachment |
| --- | --- |
| Privacy Waiver & Authorization | 🔗 Add Attachment |
| Proof of Identity | 🔗 Add Attachment |

**Fee Information**

| Willing Amount ($) | 25.00 |
| --- | --- |

To request a fee waiver you must be able to demonstrate:

- disclosure of the requested information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the Postal Service, and
- disclosure of the information is not primarily in your commercial interest.

For additional information about fee waiver requests, see 39 CFR 265.9(j).

| | |
|---|---|
| Fee Waiver Requested | ☑ 📎 Add Attachment |
| Fee Waiver Granted | Yes |
| Fee Waiver Request Reason | Bloomberg News is a media company, and this request would help our readers understand better how people moved around during the pandemic. |

**Cost Details :**

| | |
|---|---|
| Total Cost | $0.00 |
| Cost Incurred | $0.00 |
| Amount Paid | $0.00 |
| Balance Amount | $0.00 |
| Payment Status | No Charges |
| Willing to Pay All Fees | ☑ |

**Expedite Information**

| | |
|---|---|
| Expedited Processing Requested | ☐ 📎 Add Attachment |

Explain in detail the basis for making the request for expedited processing.  By completing this section, you certify that the statement provided to be true and correct. For additional information about completing this section, see 39 CFR 265.5(c).

Need for Expedited Processing

Copyright © 2017 USPS. All Rights Reserved.

# Attachment D

ADDRESSING & GEOSPATIAL TECHNOLOGY
NATIONAL CUSTOMER SUPPORT CENTER


UNITED STATES
POSTAL SERVICE

January 5, 2021


Ms. Marie P. Patino
Journalist
Bloomberg LP
1101 New York Avenue Northwest Floor 9A
Washington, DC 2005-4269
VIA Email:  mpatino14@bloomberg.net


RE:  FOIA Case No. 2021-FPRO-00670


Dear Ms. Patino:

Your Freedom of Information Act (FOIA) requests for information from the United States Postal
Service® has been forwarded to my office for response. Your request sought the following:

- Change-of-address (COA) requests filed between January 2019 and
  December 2020. Information should be aggregated at ZIP Code level,
  preferably on a weekly basis and include type of move, temporary or
  permanent.

Information is maintained in the United States Postal Service change-of-address system for a
maximum of four (4) years from the date a customer indicates on their change-of-address order
to begin mail forwarding.  After the four-year retention period, the change-of-address information
is permanently deleted from the change-of-address system and no longer available for inquiry.

The United States Postal Service has a longstanding practice of limiting the data reported for
customer change-of-address orders. During Hurricane Katrina, a policy was established that
prohibits disclosure of change-of-address volume where the count is less than ten. The purpose
of this policy was to minimize the ability of a recipient of the data to identify where any specific
individual or individuals may have moved from or to, which would be a violation of our
responsibility to safeguard the privacy of the information about customers submitting change-of-
address orders.

Attached is the information you have requested. The report reflects the total change-of-address
requests filed between January 1, 2019 and November 30, 2020. The information includes origin
and destination ZIP Codes, move types and is broken down by month and year. The report does
not reflect any count that is less than ten.

The United States Postal Service has fully satisfied your request. For further assistance and to
discuss any aspect of your request, you may contact any of the following:


225 N HUMPHREYS BLVD STE 501
MEMPHIS TN  38188-1001
800-331-5746
FAX 901-767-8853

Michelle Evans
Addressing & Geospatial Technology
United States Postal Service
225 North Humphreys Boulevard Suite 501
Memphis, TN 38188-1001
Phone: 901-681-4474

Privacy & Records Office
United States Postal Service
475 L'Enfant Plaza Southwest Room 1P830
Washington, DC 20260-1101
Phone:  202-268-2608
Fax:  202-268-5353
FOIA Public Liaison:  Nancy Chavannes-Battle

Sincerely,

James D. Wilson
Director, Addressing and Geospatial Technology

Attachment

cc:  Records Office

Attachment E

**Request -**   **2021-FPRO-009-**    ✉ **Inbox (0)**    ✈ **Compose Message**   🔔 **Sent Messages**   **Withdraw Request**
         **25**          ← **Back (RequestStatus.aspx)**

---

### Requester Details

To modify request details please update your requester profile or contact the our office for assistance.

**Ms. Marie P Patino**
Journalist
Bloomberg LP
1101 New York Avenue NW
Floor 9A - Bloomberg LP
Washington, D.C., DC  20005
Phone 202-807-2344
mpatino14@bloomberg.net

Requester Default Category: News Media

---

### Request Details

Date Requested         02/02/2021

Status                 Closed

---

### General Information

Requester Service Center      | HQ Records Office ⌄ |

Action Office Instructions      for Postal Service Headquarters controlled records including contracts, building leases, and other real estate transactions or employee listings

## Requester Category Descriptions

- **Commercial Organization**:  A requester who asks for information for a use or purpose that furthers a commercial, trade, or profit interest, which can include furthering those interests through litigation.
- **Educational or Scientific**:  A requester who asks for information under the auspices of an educational institution for the purpose of furthering scholarly research or a requester that asks for information for an institution that is not operated on a commercial basis, but solely for the purpose of conducting scientific research the results of which are not intended to promoted any particular product or industry.
- **News media:**  A requester that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience.  "News" means information that is about current events or that would be of current interest to the public.
- **All others:**  You are a requester who does not fall within any of the preceding categories.



| | |
|---|---|
| Requester Category | News Media |
| Send Response Via | E-mail |
| Payment Mode | --------------Select--- |



**Shipping Address**

| | | | |
|---|---|---|---|
| Address | 1101 New York Ave | Apartment/Suite Number | Floor 9A - Bloombe |
| City | Washington, D.C. | State | District of Columbia |
| Country | United States | Zip Code | 20005 |

**Request Information**

**Requesting Records About Another Person** - you may receive greater access by including the record subject's written consent and verification of identify, or in the case the subject is deceased, evidence of proof of their death. A death certificate, a newspaper obituary, or comparable proof of death can be used to meet this requirement.  Otherwise, records relating to another person and disclosure of the records could invade that person's privacy ordinarily will not be disclosed to you. You may add the authorization and verification of identity in the **Privacy Waiver and Authorization** attachment option below.  To download an authorization form click here (http://about.usps.com/who-we-are/foia/privacy-waiver_07-25-2017.pdf).

**Requesting Records About Yourself** - you must verify your identity and provide a signed request.  Appropriate identification may include such information as your mailing address, employee identification number, or other personal identifier.  You may also provide one of the following 1) a signed request that includes your identifying information and witnessed by a notary, or 2) a certification of identity statement immediately above the signature on your request letter: "I declare under penalty of perjury that the foregoing is true and correct. Executed on [date]."  You may add your written, signed request and verification of identity in the **Proof of Identity** option below.  To download a proof of identify form click here (http://about.usps.com/who-we-are/foia/identity-certification_07-25-2017.pdf).

| | |
|---|---|
| Description of Request | Change-of-address (COA) requests filed between January 2019 and December 2020. Information should be aggregated at County level, preferably on a monthly basis |

You may attach a pdf version of your written request in the **Description Document** attachment option below however you will be required to enter a brief description of the records requested.

| | | | |
|---|---|---|---|
| Date Range for Record Search: From(mm/dd/yyyy) | 01/01/2019 | To (mm/dd/yyyy) | 12/31/2020 |

| | |
|---|---|
| Description Document | 🔗 Add Attachment |
| Privacy Waiver & Authorization | 🔗 Add Attachment |
| Proof of Identity | 🔗 Add Attachment |

## Fee Information

| | |
|---|---|
| Willing Amount ($) | 25.00 |

To request a fee waiver you must be able to demonstrate:

- disclosure of the requested information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the Postal Service, and
- disclosure of the information is not primarily in your commercial interest.

For additional information about fee waiver requests, see 39 CFR 265.9(j).

| | |
|---|---|
| Fee Waiver Requested | ☑ 🔗 Add Attachment |
| Fee Waiver Granted | Yes |
| Fee Waiver Request Reason | Disclosure of the requested information is in the public interest and will contribute to a greater understanding of movements during the pandemic. |

**Cost Details :**

| | |
|---|---|
| Total Cost | $0.00 |
| Cost Incurred | $0.00 |
| Amount Paid | $0.00 |
| Balance Amount | $0.00 |
| Payment Status | No Charges |
| Willing to Pay All Fees | ☐ |

**Expedite Information**

| | |
|---|---|
| Expedited Processing Requested | ☐ 🔗 Add Attachment |

Explain in detail the basis for making the request for expedited processing. By completing this section, you certify that the statement provided to be true and correct. For additional information about completing this section, see 39 CFR 265.5(c).

| | |
|---|---|
| Need for Expedited Processing | |

Copyright © 2017 USPS. All Rights Reserved.

Attachment F

ADDRESSING & GEOSPATIAL TECHNOLOGY
NATIONAL CUSTOMER SUPPORT CENTER


UNITED STATES
POSTAL SERVICE

February 11, 2021

Ms. Marie P. Patino
Journalist
Bloomberg LP
1101 New York Avenue Northwest Floor 9A
Washington, DC 2005-4269
VIA Email:  mpatino14@bloomberg.net

RE:  FOIA Case No. 2021-FPRO-00925

Dear Ms. Patino:

Your Freedom of Information Act (FOIA) requests for information from the United States Postal
Service® has been forwarded to my office for response. Your request sought the following:

> Change-of-address (COA) data, aggregated at the county level, filed
between January 2019 and December 2020. Information to include
temporary and permanent moves.

Information is maintained in the United States Postal Service change-of-address system for a
maximum of four (4) years from the date a customer indicates on their change-of-address order
to begin mail forwarding.  After the four-year retention period, the change-of-address information
is permanently deleted from the change-of-address system and no longer available for inquiry.

The United States Postal Service has a longstanding practice of limiting the data reported for
customer change-of-address orders. During Hurricane Katrina, a policy was established that
prohibits disclosure of change-of-address volume where the count is less than ten. The purpose
of this policy was to minimize the ability of a recipient of the data to identify where any specific
individual or individuals may have moved from or to, which would be a violation of our
responsibility to safeguard the privacy of the information about customers submitting change-of-
address orders.

Attached is the information you have requested. The report reflects the total change-of-address
requests filed between January 1, 2019 and December 30, 2020 at the county level. The report
does not reflect any count that is less than ten.

The United States Postal Service has fully satisfied your request. For further assistance and to
discuss any aspect of your request, you may contact any of the following:

225 N HUMPHREYS BLVD STE 501
MEMPHIS TN  38188-1001
800-331-5746
FAX 901-767-8853

Michelle Evans
Addressing & Geospatial Technology
United States Postal Service
225 North Humphreys Boulevard Suite 501
Memphis, TN 38188-1001
Phone: 901-681-4474

Privacy & Records Office
United States Postal Service
475 L'Enfant Plaza Southwest Room 1P830
Washington, DC 20260-1101
Phone:  202-268-2608
Fax:  202-268-5353
FOIA Public Liaison:  Nancy Chavannes-Battle

Sincerely,

James D. Wilson
Director, Addressing and Geospatial Technology

Attachment

cc:  Records Office