# EXHIBIT H

ETHICS & LEGAL COMPLIANCE
LAW DEPARTMENT



*via* email

July 29, 2021

Ms. Marie Patino
mpatino@bloomberg.net

Re:  Freedom of Information Act Appeal No. 2021-APP-00141
FOIA Case No. 2021-FPRO-01469

Dear Ms. Patino:

This is in response to your attorney's email dated June 29, 2021, in which you appealed from the action of James D. Wilson, Director, Addressing and Geospatial Technology, on your request under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, for records regarding the zip code of households that changed their address in December 2020. After carefully considering your appeal, we are affirming Mr. Wilson's action on your request in full.  A decision on this matter is attached to this letter.

This is the final decision of the Postal Service regarding your right of access to records requested pursuant to the FOIA and the Privacy Act.  You may seek judicial review of this decision by bringing suit for that purpose in the United States District Court for the district in which you reside or have a principal place of business, the district in which the records are located, or in the District of Columbia.

The Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and federal agencies as a non-exclusive alternative to litigation.  Using OGIS services does not affect the requester's right to pursue litigation.  The contact information for OGIS is as follows:

> Office of Government Information Services
> National Archives and Records Administration
> 8601 Adelphi Road
> Room 2510
> College Park, MD 20740-6001
> Email:  ogis@nara.gov
> Telephone:  202-741-5770
> Toll free:  1-877-684-6448
> Facsimile:  202-741-5769

For the General Counsel,

*Lauren M Marino*

Lauren Marino
Attorney
Ethics & Legal Compliance

Enclosure

475 L'ENFANT PLAZA SW
WASHINGTON, DC 20260

https://about.usps.com/who/legal/foia/

cc:

Mr. Jeremy Chase, Esq.
jeremychase@dwt.com

James D. Wilson
Tai Thompson
FOIAAppeal@usps.gov

ETHICS & LEGAL COMPLIANCE
LAW DEPARTMENT


UNITED STATES POSTAL SERVICE

**OFFICE OF THE GENERAL COUNSEL**
HEADQUARTERS, WASHINGTON, D.C.

IN RE, APPEAL OF CASE NO.
2021-FPRO-01469

APPEAL NO. 2021-APP-00141

ATTORNEY LAUREN MARINO
ON BEHALF OF GENERAL COUNSEL THOMAS J. MARSHALL

OPINION AND ORDER

After careful consideration, this office is affirming, in full, the action of records custodian James D. Wilson, Director, Addressing and Geospatial Technology, on FOIA request 2021-FPRO-01469.

I. STATEMENT OF FACTS

1. On March 30, 2021, the requester submitted a FOIA request under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, for change of address records regarding the number of households that changed their address, per zip code, for the month of December 2020.

2. By correspondence dated April 19, 2021, James D. Wilson, Director, Addressing and Geospatial Technology, responded to the request. The responsive records were withheld, in full, pursuant to Exemption 3 and 39 U.S.C. 410(c)(2), which permits the Postal Service to withhold information of a commercial nature that would not be disclosed under good business practice.

3. By email dated June 29, 2021, the requester appealed the action of Mr. Wilson. The requester challenged the application of Exemption 3 and 39 U.S.C. 410(c)(2). The requester further asserted that similar change of address data had been disclosed in the past.

II. APPLICABLE LAW

Congress enacted the FOIA to "pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." *Dep't of the Air Force v. Rose*, 425 U.S. 352, 361 (1976) (quoting *Rose v. Dep't of the Air Force*, 495 F.2d 261, 263 (2d Cir. 1974). Congress balanced this objective by recognizing that "legitimate governmental and private interests could be harmed by release of certain types of information." *Fed. Bureau of Investigation v. Abramson*, 456 U.S. 615, 621 (1982). The FOIA "requires federal agencies to make Government records available to the public, subject to nine exemptions." *Milner v. Dep't of the Navy*, 562 U.S. 562, 564 (2011). In addition, other laws allow the Postal Service to withhold certain categories of records and information. *See, e.g.*, 39 U.S.C. § 410(c).

If information is "specifically exempted from disclosure by statute," then it is also exempt from mandatory disclosure under the FOIA by incorporation. 5 U.S.C. § 552(b)(3) ("Exemption 3"). One statute that exempts information from disclosure is Section 410(c)(2) of the Postal Reorganization Act. 39 U.S.C. § 410(c)(2) ("Section 410(c)(2)"); *see also Wickwire Gavin v. U.S. Postal Serv.*, 356 F.3d 588, 592 n.6 (4th Cir. 2004); *Carlson v. U.S. Postal Serv.*, No. 13-cv-06017-JSC, 2015 WL 9258072, at *4 (N.D. Cal. Dec. 18, 2015); *Airline Pilots Ass'n v. U.S. Postal Serv.*, No. 03-2384 (ESH), 2004 WL 5050900, at *5 (D.D.C. June 24, 2004). This statute operates independently of the FOIA to exempt certain information from mandatory disclosure.

Section 410(c)(2) permits the Postal Service to withhold "information of a commercial nature, including trade secrets, whether or not obtained from a person outside the Postal Service, which under good

business practice would not be publicly disclosed." 39 U.S.C. § 410(c)(2). "Information is of a commercial nature if it relates to commerce, trade, profit, or the Postal Service's ability to conduct itself in a businesslike manner." 39 C.F.R. § 265.14(b)(3); *see also Carlson v. U.S. Postal Serv.*, 504 F.3d 1123, 1128-29 (9th Cir. 2007)(applying the common meaning of the term "commercial" to include all information that relates to commerce, trade, or profit). Section 410(c)(2) permits the withholding of a broader range of commercial information than similar FOIA exemptions. *See Carlson*, 504 F.3d at 1129 (applying the "common meaning" of the term "commercial"). This broader scope exists because the Postal Service is commissioned to operate like a private corporation and, therefore, must follow sound business principles. *Id.* at 1127-28.

In determining whether particular information is "commercial" in nature, the Postal Service considers six factors relating to whether the information is more akin to its role as a business entity competing in the market or its role as a provider of public services. *See* 39 C.F.R. § 265.14(b)(3)(i). No single factor is determinative, but all are considered to determine the overall character of the information. 39 C.F.R. § 265.14(b)(3)(ii). In addition, the Postal Service has identified an extensive, though not exhaustive, list of types of information that are considered commercial and, thus, exempt from disclosure under Section 410(c)(2). *See* 39 C.F.R. § 265.14(b)(3)(ii).

If the information is commercial in nature and would not be disclosed "under good business practice," then the FOIA does not require the Postal Service to disclose the information. *Wickwire Gavin*, 356 F.3d at 594-95. No separate analysis is necessary to consider whether disclosure would cause competitive harm or to balance the commercial interest with the public's interest in knowing the information. *See Id.*; *Carlson*, 2015 WL 9258072 at *8-10. "[T]he contours of the good business practice exemption [are] to be gleaned by looking to the commercial world, management techniques, and business law, as well as to the standards of practice adhered to by large corporations." *Wickwire Gavin*, 356 F.3d at 592.

    III.    L<small>EGAL</small> A<small>NALYSIS</small>

In order for the Postal Service to properly withhold the requested information under Exemption 3 and Section 410(c)(2), it must be (1) commercial in nature and (2) information that would not be publicly disclosed under good business practice. 39 U.S.C. § 410(c)(2).

Here, the requester sought records regarding the number of households that changed their address from several ZIP codes to all other ZIP codes in the U.S. in December 2020. It appears to be a follow up of an earlier request for similar information. We have determined that this data was properly categorized as being commercial in nature. One of the six (6) factors considered by the Postal Service when determining whether information is commercial in nature is whether "the information would be of potential benefit to individuals or entities in economic competition with the Postal Service, its customers, suppliers, affiliates, or business partners or could be used to cause harm to a commercial interest of the Postal Service, its customers, suppliers, affiliates, or business partners." 39 C.F.R. § 265.14(b)(3)(i)(C). The information sought is currently being used in the development of a future commercial product. Disclosing this information would benefit our competitors by providing them with specific details regarding the components of the Postal Service's new commercial product. Thus, the requested information is commercial in nature and satisfies the first prong of Section 410(c)(2)'s test.

We also find that the requested information would not be publicly released as part of good business practice. Because this information is currently being used to develop a commercial product, release of these records could compromise the product's development process. Private businesses do not disclose the specific details of their commercial business initiatives or products as they are being developed. Since the information would not be disclosed under good business practice, we are not required to assess the public's interest in the information or whether disclosure would cause competitive harm. *Wickwire Gavin*, 356 F.3d at 594-95. Accordingly, because the records satisfy both prongs of Section 410(c)(2)'s test, the records were properly withheld from disclosure under Exemption 3 of the FOIA and Section 410(c)(2).

IV.    CONCLUSION

For the reasons stated above, we conclude that the withheld records contain commercial information which would not be disclosed under good business practice pursuant to Exemption 3 and Section 410(c)(2). Therefore, the action of James Wilson is affirmed in full.

For the General Counsel,

*Lauren M Marino*

Lauren Marino
Attorney
Ethics and Legal Compliance